IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER ZAPATA and ELAINE A. ZAPATA,

    Plaintiffs,

  v.

WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; U.S. BANK, N.A., as trustee for the CSMC Armt 2006-3 Trust,

    Defendants.

No. C 13-04288 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this foreclosure action, defendants move to dismiss the complaint for failure to state a claim. For the reasons stated below, the motion to dismiss is **GRANTED**.

## STATEMENT

This action boils down to an attempt to avoid foreclosure by attacking the mortgage securitization process. Plaintiffs Christopher and Elaine Zapata took out a promissory note and deed of trust with Family Lending Services, Inc. ("FLS"). The deed of trust named S.P.S. Affiliates as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and as beneficiary. FLS subsequently securitized and sold the loan to the Adjustable Rate Mortgage Trust 2006-3, Adjustable Rate Mortgage-Backed Pass-Through Certificates Series 2006-3 (the "ARM Trust"). In October 2009, a notice of default and election

1  to sell under deed of trust was recorded. In November 2009, MERS assigned all beneficial
2  interest under the deed of trust to U.S. Bank, N.A. as trustee for the ARM Trust. Wells Fargo
3  Bank, N.A., services the loan as Attorney-in-Fact for U.S. Bank. In July 2010, a notice of
4  trustee's sale was recorded. In August 2012, a Loan Modification Deed of Trust was issued.
5  In September 2012, the October 2009 notice of default and election to sell under deed of trust
6  was rescinded. In April 2013, a second and final notice of default and election to sell under deed
7  of trust was recorded. A trustee sale of the property in question was set for August 2013. It is
8  unclear whether this sale ever took place (Compl. ¶¶ 10–19).

Plaintiffs are represented by counsel and allege a host of violations. Defendants allegedly violated the terms of the deed of trust by executing an invalid and false notice of default because they were not the true lender or trustee. Plaintiffs also allege that defendants violated the pooling and service agreement for the ARM Trust by failing to record the assignments. Wells Fargo allegedly failed to sign the Loan Modification Agreement or provide plaintiffs with a copy Wells Fargo had signed. Defendants also allegedly recorded invalid substitution of trustee, assignment of the deed of trust, and notice of default because of various alleged recording errors and delays. Plaintiffs also allege that defendants intentionally confused them (*id*. ¶¶ 23–24, 26, 28, 41–46, 50–56, 74–100).

Plaintiffs seek declaratory relief and claim breach of express agreements, breach of implied agreements, slander of title, wrongful foreclosure, violation of California Civil Code Section 2923.5, violation of California Civil Code Section 2923.55, violation of 18 U.S.C. 1962, and violation of California Business and Professions Code Section 17200 of California's Unfair Competition Law. This order follows full briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Rule 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound

to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

As an initial matter, plaintiffs' central underlying theory has been rejected by courts in this district as well as the undersigned. Neither our court of appeals nor the California Supreme Court has ruled on whether plaintiffs may challenge the mortgage securitization process, but the undersigned has held, in agreement with persuasive authority from this district, that there is no standing to challenge foreclosure based on a loan's having been securitized. *See Tall v. MERS*, No. C 12-05348 WHA (N.D. Cal. Dec. 21, 2012).

Plaintiffs rely on *Glaski v. Bank of America, N.A.*, 218 Cal.App.4th 1079 (2013), to argue that they can challenge the securitization process. *Glaski*, however, is in the clear minority on this issue. The *Glaski* decision relies on New York law to reach its conclusion. 218 Cal.App.4th at 1096-97. Every court in this district that has evaluated *Glaski* has found it is unpersuasive and not binding authority. *See Subramani v. Wells Fargo Bank N.A.*, No. C 13-1605, 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31, 2013) (Judge Samuel Conti); *Dahnken v. Wells Fargo Bank, N.A.*, No. C 13-2838, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) (Judge Phyllis J. Hamilton); *Maxwell v. Deutsche Bank Nat'l Trust Co.*, No. C 13-3957, 2013 WL 6072109, at *2 (N.D. Cal. Nov. 18, 2013) (Judge William H. Orrick Jr.); *Apostol v. Citimortgage, Inc.*, No. C 13-1983, 2013 WL 6140528, at 6 (N.D. Cal. Nov. 21, 2013) (Judge William H. Orrick Jr.). Instead, courts in this district rely on the majority rule in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497 (2013). The *Jenkins* decision held that "[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [a plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." *Id*. at 515. Until binding authority rules otherwise, the undersigned will follow the majority rule in *Jenkins*. This order therefore finds that plaintiffs have no standing to base their claims for relief on the securitization process or breaches of the Pooling and Service Agreement ("PSA").

3

### 1. BREACH OF EXPRESS AGREEMENTS.

Plaintiffs allege that three agreements were breached by defendants: the deed of trust, the PSA, and the loan modification agreement ("LMA"). Allegations of all three breaches are ultimately predicated on challenging the securitization process.

Plaintiffs argue that defendants breached the deed of trust because defendants executed "an invalid and false Notice of Default . . . when it was not in fact the true Lender or Trustee" (Compl. ¶ 24). Plaintiffs rely on defendants' alleged mishandling of the securitization process to argue breach of the deed of trust. In the absence of an express contractual bar, plaintiffs may not challenge the securitization process.

Plaintiffs next argue that defendants breached the PSA by a late "Assignment of the Beneficial Interest of the Deed of Trust" (Compl. ¶ 26). Plaintiffs have no standing to base a claim on the PSA both because it is part of the securitization process and because they are not a party to the PSA.

Plaintiffs finally argue that defendants breached the LMA because "the agreement that was recorded was signed only by Plaintiffs and not by Wells Fargo" and because "Wells Fargo was a stranger to Plaintiffs' DOT with no rights to receive or demand payments pertaining to Plaintiffs' Note of DOT, invalidating the Loan Modification Agreement" (Compl. ¶ 28). This theory is also predicated on plaintiffs' challenge to the securitization process. Even if it was not, neither allegation is sufficient to show that defendants breached the LMA, they simply suggest that defendant Wells Fargo is not a party to the LMA.

Plaintiffs' claim for breach of express agreements is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.

### 2. BREACH OF IMPLIED AGREEMENTS.

Plaintiffs claims for breach of implied agreements are entirely predicated on defendants' alleged violations of the PSA. As already discussed, plaintiffs have no standing to base a claim on the PSA because it is part of the securitization process and because they are not a party to the PSA. Plaintiffs' claim for breach of implied agreements is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.

4

### 3. SLANDER OF TITLE.

Slander of title is a tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage. *Southcott v. Pioneer Title Co.*, 203 Cal.App.2d 673, 676, 21 Cal.Rptr. 917 (1962).

Plaintiffs' slander of title claim fails. Plaintiffs rely on violations of the PSA and errors in the securitization process to show falsity. As already discussed, they are barred from basing their claim on this theory. Plaintiffs are therefore unable to allege that defendants' recording was false. Plaintiffs' slander of title claim is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.

### 4. WRONGFUL FORECLOSURE.

A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly. *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 444, (2003) ("Our analysis proceeds on the presumption of validity accorded the foreclosure sale"). To state a cause of action for wrongful foreclosure, plaintiff must plead "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in actions where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 104 (2011).

Plaintiffs again rely on violations of the PSA and errors in the securitization process as a basis for this claim: "there is no true Trustee because the original Lender, FLS, sold the beneficial interest to the REMIC in 2006" (Opp. 11). Plaintiffs are again barred from relying on this theory as outlined above. Plaintiffs' wrongful foreclosure claim is accordingly **DISMISSED WITHOUT LEAVE TO AMEND**.

### 5. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5.

Plaintiffs' complaint alleges that they were never contacted prior to the notice of default as required by Section 2923.5. Plaintiffs additionally allege that "there is no declaration by Defendants contained in the Notice of Default that someone tried with due diligence to contact

1 the borrowers as required under Section 2923.5, and if there was it would be false because
2 although signed under oath, the signer had no personal knowledge of whether Plaintiffs were
3 ever contacted: an in fact Plaintiffs were never contacted" (Compl. ¶ 61).

Plaintiffs' allegations are a formulaic recitation of the elements of their claim, which is inadequate under *Twombly*. 550 U.S. at 555 ("Formulaic recitation of the elements of a cause of action," will not do). Even if plaintiffs' allegations were more detailed, defendants filed a declaration that complies with Section 2923.5 (RJN Exh. G at 6).

Plaintiffs also argue defendants violated the Fair Debt Collection Practices Act (Opp. 14). This argument is not found in the complaint.

Plaintiffs' claim under Section 2923.5 is therefore **DISMISSED WITH LEAVE TO AMEND**.

### 6. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.55.

Plaintiffs' complaint fails to plead sufficient facts to state a claim under Section 2923.55. The complaint does not describe what part of Section 2923.55 has been allegedly violated. Instead, the complaint asks the Court to make a series of determinations tangentially related to the securitization process.

In their opposition, plaintiffs make various arguments that defendants cannot comply with Section 2923.55 (Opp. 13–14). These arguments are based on plaintiffs challenge to the securitization process.

Plaintiffs also argue defendants violated the Fair Debt Collection Practices Act (Opp. 14). This argument is not found in the complaint.

It is unclear whether plaintiffs could sufficiently plead a violation of Section 2923.55 and simply rely on a challenge to the securitization process because they believe it to be a stronger argument or whether they are unable to plead sufficient facts. Plaintiffs' claim under Section 2923.55 is therefore **DISMISSED WITH LEAVE TO AMEND**.

### 7. VIOLATION OF 18 U.S.C. 1962.

The Racketeer Influenced and Corrupt Organizations Act ("RICO") imposes civil liability on persons and organizations engaged in a "pattern of racketeering activity." 18 U.S.C. 1962(c). Racketeering activity is defined to include a number of generically-specified criminal

6

acts, as well as the commission of one of a number of listed predicate offenses. 18 U.S.C. 1961(1). The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Plaintiffs must additionally meet the heightened pleading standard under FRCP 9(b) to state a claim under RICO. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989). Plaintiffs fail to do so.

*First*, plaintiffs allege that defendants brought "suit on behalf of entities which were not the real parties in interest," actively concealed "the parties' lack of standing in their standard complaints for foreclosure," and drafted and filed "fraudulent affidavits and documents" (Compl. ¶¶ 76). Plaintiffs also make various other conclusory allegations such as "[t]he conspirators set about to confuse everyone as to who owned what" (Compl. ¶ 100). FRCP 9(b) requires that plaintiffs must "state the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004). Rather than pleading predicate acts relevant to this action, plaintiffs instead attempt to incorporate facts from other unrelated actions (Compl. ¶¶ 77–80). In their opposition, plaintiffs state that they "could amend to allege a pattern of predicate acts," but then again attempt to incorporate facts from unrelated actions (Dkt. No. 21 at 16).

*Second*, plaintiffs RICO allegations directly rely on violations of the PSA and errors in the securitization process as a basis for this claim. Many of plaintiffs' allegations only vaguely relate to the present action:

> The conspirators intended to maintain an absolute stranglehold on the American economy for many decades, if not centuries, into the future . . . The point is that the conspirators adjusted the American lending system and the legal system governing it in a way designed to most effectively gratify their greed motivated crimes over the longest period of time. Through this revolution in the use of words and ephemeral concepts such as the "corporation," the conspirators, including the present Defendants, have by and- large [sic] been successful in changing the paradigm so that the rights of individuals are In [sic] contradiction with the ownership proclamation contained on rules of the Pooling and Servicing Agreement . . . .

7

This order finds that plaintiffs fail to state a RICO claim. Plaintiffs' claim for violation of 18 U.S.C. 1962 is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.

### 8. VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200.

Plaintiffs' claims under California's Unfair Competition Law are entirely predicated on violations of the PSA and errors in the securitization process. The sole non-conclusory allegation is that defendants "executed and recorded false Assignment(s) of Deed of Trust" (Compl. ¶ 112). This was allegedly wrongful because "Plaintiffs' loan was securitized and sold before the Assignment(s) were executed, and thus they had no interest in the Deed of Trust to transfer to U.S. Bank . . ." (*ibid.*). As thoroughly discussed above, plaintiffs are barred from relying on this theory. Plaintiffs' claim under Section 17200 is **DISMISSED WITHOUT LEAVE TO AMEND**.

### 9. JUDICIAL NOTICE.

Defendants request judicial notice of their declaration in compliance with California Civil Code Section 2923.5. Plaintiff opposes. A court may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). A court may take judicial notice of court filings and other matters of public record. See *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Judicial notice of the existence and content of these documents, but not the truth of any facts stated therein, is proper under Federal Rule of Evidence 201(b) because the authenticity of the documents is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See Castillo v. Wachovia Mortg.*, No. 12–0101, 2012 WL 1213296, at *1 n. 2 (N.D. Cal. Apr.11, 2012) (Judge Edward Chen).

Accordingly, defendants' request for judicial notice of Exhibit G is **GRANTED**. This order does not cite to any other document in defendants' request for judicial notice. Judicial notice of defendants' other exhibits is therefore **DENIED AS MOOT**.

**CONCLUSION**

For the reasons stated above, the motion to dismiss is **GRANTED**. Plaintiffs may seek leave to amend the complaint and will have until **DECEMBER 20, 2013**, to file a motion, noticed on the normal 35-day calendar, for leave to amend their claims for relief under California Civil Code Section 2923.5 and 2923.55 without relying on a challenge to the securitization process. A proposed amended complaint must be appended to this motion. Plaintiffs should plead their best case. The motion should clearly explain how the amended complaint cures the deficiencies identified herein, and should include as an exhibit a redlined or highlighted version identifying all changes.

**IT IS SO ORDERED.**

Dated: December 10, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE