United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER ZAPATA and ELAINE A. ZAPATA,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; U.S. BANK, N.A., as trustee for the CSMC Armt 2006-3 Trust,

    Defendants.

 /

No. C 13-04288 WHA

**ORDER TO SHOW CAUSE RE FEDERAL SUBJECT-MATTER JURISDICTION**

On August 16, 2013, this foreclosure action was removed on the basis of federal-question jurisdiction because the complaint asserted a RICO claim, among other claims (Dkt. No. 1). Afterwards, an order granted defendants' motion to dismiss on December 10, 2013 (Dkt. No. 42). In that order, plaintiffs were allowed to seek leave to amend their state-law claims arising out of California Civil Code Sections 2923.5 and 2923.55 that did not rely on a challenge to the securitization process (*id.* at 9). All other claims, including the RICO claim, were dismissed with prejudice. On December 20, 2013, plaintiffs moved for leave to file an amended complaint that asserts claims under Sections 2923.5 and 2923.55. The proposed amended complaint does not assert any federal claims.

When the RICO claim was dismissed, federal-question jurisdiction was stripped from this action. Moreover, it is unlikely that diversity jurisdiction exists because the papers suggest a lack of complete diversity and it is unclear whether the amount in controversy exceeds $75,000.

"[D]ismissal of federal claims does not automatically deprive district courts of subject matter jurisdiction over any supplemental claims . . . . Rather, the district court retains discretion over whether to exercise supplemental jurisdiction over state law claims even after all federal claims are dismissed." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 940 (9th Cir. 2012). Supplemental jurisdiction, however, is "subject to the factors set forth in [the supplemental-jurisdiction statute]." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). The undersigned judge is unlikely to exercise supplemental jurisdiction over the proposed amended complaint's state-law claims because the federal RICO claim was dismissed, the state-law claims predominate over any lingering federal issues, and the state-law claims are novel. 28 U.S.C. 1367(c). Therefore, it seems appropriate to deny plaintiffs' motion to file an amended complaint without prejudice so that they can file their state-law claims in state court. *Lande v. Lockheed Martin Corp.*, 2009 U.S. Dist. LEXIS 36880, at *13 (N.D. Cal. 2009) (Judge Ronald Whyte).

All parties are **ORDERED TO SHOW CAUSE BY NOON ON JANUARY 28, 2014,** as to why plaintiffs' motion for leave to file an amended complaint should not be denied without prejudice for lack of federal subject-matter jurisdiction with the expectation that the state-law claims will be pursued in state court.

**IT IS SO ORDERED.**

Dated: January 24, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2